Matter of DeSantiago-Keene (2023 NY Slip Op 04123)

Matter of DeSantiago-Keene

2023 NY Slip Op 04123

Decided on August 2, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
JOSEPH J. MALTESE, JJ.

2022-02076

[*1]In the Matter of Gareth David DeSantiago-Keene, also known as Gareth David De Santiago-Keene, Gareth DeSantiago-Keene, and Gareth David Santiago-Keene, admitted as Gareth D. Keene, an attorney and counselor-at-law. (Attorney Registration No. 1925668)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 30, 1984, under the name Gareth D. Keene. By order to show cause dated May 19, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey dated January 9, 2018.

Courtny Osterling, White Plains, NY (Thomas Graham Amon of counsel), for the Grievance Committee for the Ninth Judicial District.

PER CURIAM.

OPINION & ORDER
By order dated January 9, 2018, the Supreme Court of New Jersey censured the respondent for violating: (1) NJ RPC 1.4(b) (failure to keep a client reasonably informed about the status of a matter); (2) NJ RPC 1.4(c) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); (3) NJ RPC 1.7(a)(2) (concurrent conflict of interest); (4) NJ RPC 1.16(d) (improper termination of representation); (5) NJ RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and (6) NJ RPC 8.4(d) (conduct prejudicial to the administration of justice).
The New Jersey Disciplinary Proceeding 
The respondent was admitted to the New Jersey Bar in 1980. His misconduct stemmed from his representation of client Sonia Owchariw in a matter involving her cat. Owchariw retained the respondent on September 4, 2013, for a matter involving a local veterinarian's treatment of the cat and a local newspaper's article about Owchariw's allegations against the veterinarian. On September 21, 2013, the respondent filed a civil complaint on Owchariw's behalf against the veterinarian, the newspaper, and other individuals affiliated with them. On September 25, 2013, the respondent invited Owchariw to move into one of the spare rooms in his house rent free. Owchariw moved in, but only stayed 11 days. While discussing the civil case, the respondent instructed Owchariw not to volunteer the information that she lived with him because there may be a conflict of interest. On October 2, 2013, Owchariw informed the respondent that she wished to move out of his house based on his information that their living arrangement may be improper.
The respondent convinced Owchariw to stay and gave her $300 to look for housing elsewhere if she wanted to leave. Owchariw did not leave the respondent's house and the respondent continued to represent her. On October 6, 2013, Owchariw moved out of the respondent's house and [*2]the respondent informed her that he was no longer representing her. On October 7, 2013, the respondent wrote to the court to withdraw Owchariw's complaint without prejudice without informing Owchariw of his action. The respondent did not communicate with Owchariw further until November 21, 2013, when the respondent called her to tell her that he missed her and invited her to Thanksgiving dinner. During this conversation, the respondent informed Owchariw that her case was still pending and that she could find another attorney. On November 22, 2013, the respondent called Owchariw and asked if he could be her boyfriend if he did a good job and was a gentleman. The respondent maintained that he was not looking for sexual benefits, but was merely seeking a companion. The respondent believed that Owchariw would agree to a romantic relationship if her case went well.
On November 22, 2013, the respondent filed a motion to restore Owchariw's case without informing her. Owchariw and the respondent had planned to meet in a couple of days, but the night before, Owchariw cancelled their meeting. The respondent then hand delivered a letter to the court clerk to withdraw the motion to restore without informing Owchariw that he was terminating their attorney-client relationship.
After a hearing and a de novo review of the record, the Disciplinary Review Board found that the respondent's use of the court to exact revenge on a client was serious misconduct that warranted a public censure.
New York Proceeding 
By order to show cause dated May 19, 2022, this Court directed the respondent to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by order of the Supreme Court of New Jersey dated January 9, 2018, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Ninth Judicial District on or before July 5, 2022. Although the respondent was duly served with the order to show cause dated May 19, 2022, he has neither submitted a response thereto, nor requested additional time to do so. Therefore, the respondent waived his ability to assert any applicable defense under 22 NYCRR 1240.13(b) or otherwise put forth any mitigating evidence.
Findings and Conclusion 
Based on the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey dated January 9, 2018, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be publicly censured.
LASALLE, P.J., DILLON, DUFFY, BARROS and MALTESE, JJ., concur.
ORDERED that the respondent, Gareth David DeSantiago-Keene, also known as Gareth David De Santiago-Keene, Gareth DeSantiago-Keene, and Gareth David Santiago-Keene, admitted as Gareth D. Keene, is publicly censured for his professional misconduct.
ENTER:
Maria T. Fasulo
Clerk of the Court